ABIGAIL A. GRAY, Appellee, v. IOWA CENTRAL RAILWAY Co., Appellant.

**Eminent domain**: APPLICATION: DESCRIPTION OF PROPERTY. Where
1 the application for the selection of a jury to condemn property sufficiently identifies and describes the property to enable the sheriff and his jury to correctly ascertain and view the same, the description is sufficient.

**Sheriff's jury**: WHO MAY SERVE. Code section 2000 does not require
2 that a sheriff's jury shall consist of the same freeholders who served in that capacity several years prior in the condemnation of right of way for the same railway company.

**Assessment of damages**: SEPARATE LOTS. Damages for the appro-
3 priation of a right of way over several adjacent acre lots owned by the same person may be assessed in one sum, where there is no physical evidence of the platting or improvement of the separate lots.

*Appeal from Monroe District Court.*— HON. F. W. EICHEL-BERGER, Judge.

SATURDAY, NOVEMBER 18, 1905.

THE opinion states the case. From a judgment in favor of plaintiff, the defendant appeals.— *Affirmed.*

*Geo. W. Seevers* and *T. B. Perry,* for appellant.

*J. C. Mabry,* for appellee.

BISHOP, J.— In June, 1902, plaintiff instituted proceedings under the statute (Code, section 1999) to have assessed by a sheriff's jury the damages sustained by her by the taking of certain of her real estate by the defendant for railway right of way purposes. A jury was appointed by the sheriff, and an award made. Thereupon the railway company appealed to the district court. Upon the case being docketed, the railway company filed an answer setting up four several matters of defense. As to three of such matters, a demurrer was sustained. As to the fourth the demurrer was overruled and a reply was filed, and addressed to this there was a demurrer, which was overruled. The company refused to plead or proceed further, and there was judgment against it for the amount of the award as given by the sheriff's jury. The contentions for error are based upon the rulings upon demurrer so made.

I.   The written application to the sheriff, in response to which the proceedings were had, and which was filed with the award and formed part of the record to which the answer was addressed, recites that plaintiff is the owner of part of the northeast quarter, etc., upon and over which the railway of defendant is located and now being operated, etc. In a division of the answer is asserted that such notice was fatally defective, in that it did not fully and accurately describe the real estate; and to this division the demurrer was sustained. We think

1. EMINENT DOMAIN: application: description of property.

the ruling was correct. The statute does not require in terms that the real estate taken shall be specifically described. It may be that in cases where it is prosposed to take, and the application is the initial step by the would-be taker, an accurate description would be essential to orderly proceeding. But here the company was in possession, and the description given was sufficient to take the sheriff and his jury to the ground occupied, where the whole situation lay open to them; and the written award made, and certified with the other papers to the court, contained a correct description of the lands claimed to have been taken and upon which it was based. Moreover, the company was fully advised of the proceeding, and the right of appeal was an adequate remedy as against any irregularity in the proceedings. *Phillips v. Watson*, 63 Iowa, 28.

II. The defendant appeared before the sheriff and protested against the jury selected by him, on the ground that the members thereof were other and different from a jury 2. SHERIFF'S JURY: who may serve. called and qualified in the year 1898 to serve in matters of condemnation of real estate for the right of way of its line of railroad in said county. This is pleaded in the second division of the answer, and it is said the former jury had acted in all cases prior to the instant case, and should have been again called to act; that the new jury was unauthorized, and its acts void. The demurrer challenged the sufficiency of the allegation of this division of the answer to constitute a defense, and was sustained. There was no error. Code, section 2000, contemplates that it may be desired by a corporation exercising the right of eminent domain to take more than one tract and from more than one owner; and, with the manifest purpose of avoiding the trouble and expense of calling a new jury for each tract, the section authorizes action by the jury as first called in each instance as thereafter required. But it was not meant to be provided that no other jury could be called, especially after a lapse of four years. For all that appears the members of

the former jury may have died, or moved away, or for any number of reasons become incapacitated. It is not believable that the machinery of the law could be effectually blocked by the happening of any such contingency. Conceding, however, the irregularity as claimed, here also the right of appeal was an adequate remedy. *Phillips v. Watson, supra.*

III.   In the third division of the answer it is said that the real estate claimed to be owned by plaintiff, and through which the line of railway extended, was in four tracts, and

3. ASSESSMENT OF DAMAGES: separate lots. did not form simply one estate. The assessment of damage was in one sum, and it is said that for that reason the same was invalid and may not be sustained. From the pleadings and concessions made in argument, it is clear that the lands embraced in the quarter section had been platted in acre tracts, presumably for the purpose of taxation. Plaintiff owned and occupied on both sides the right of way, and there were no physical evidences of the platting or improvements made with reference thereto. Accepting such to be the situation, the demurrer was properly overruled. Here, too, the appeal was an adequate remedy, and, if there was any reason why each tract should be assessed separately, such could have been secured on trial in the district court.

IV.   The fourth division of the answer challenges the ownership of plaintiff in the lands for the taking of which it is sought to have damages assessed, and to this the demurrer was overruled. The plaintiff then in reply set up facts which bring the case fairly within the state of facts disclosed by the record in the case of *Remey v. Railroad,* 116 Iowa, 133. As there the facts are stated in the opinion, we need not here repeat. The demurrer to the reply was on general grounds, and overruled. The case being ruled by the Remey Case, which in turn was followed in *Russell v. Railway,* not officially reported (Iowa), 99 N. W. Rep. 1131, we must hold that there was no error in the ruling.

These considerations dispose of the case.— *Affirmed.*