## HANRAHAN v. FOX ET AL.

1. **Highway**: DAMAGES: JOINT OWNER. Where one of the joint owners of land, through which it is asked that a highway be established, fails to claim damages before the board of supervisors, he cannot be made a party to an action therefor on appeal in the Circuit Court, at the instance of the other joint owner.

2. ——— : ———— : ———. The joint owner who has taken the appeal may be permitted to introduce evidence showing the damage for the entire tract, and will be entitled to his proportion thereof, notwithstanding the other owner refuses to join in the proceeding.

3. ——— : ——— : FENCE. The owner of land through which a highway is established is not entitled to the cost of constructing a fence, in the assessment of damages, although the fact that his land is thereby left open and unfenced may be considered.

4. ——— : ——— : COSTS. Where the owner of the land appeals from the award of damages by the appraisers he is entitled to a judgment for costs, notwithstanding the amount awarded in the Circuit Court was the same as that given by the appraisers.

*Appeal from Webster Circuit Court.*

FRIDAY, OCTOBER 19.

PENDING proceedings before the Board of Supervisors for the establishment of a public road, the plaintiff filed a claim for damages in these words:

"I hereby claim damages, to the amount of $125, by reason of the establishment of the Stanbra road, running in the northeast quarter of section 23, township 90, range 30, and the northwest quarter of northwest quarter section 24, township 90, range 30 west of the 5th P. M., Iowa.

JOHN HANRAHAN."

Appraisers were appointed, and plaintiff's damages were assessed at $15. Plaintiff appealed to the Circuit Court, where a trial was had without a jury. Plaintiff's damages were found by the court to be $15. A judgment was rendered against plaintiff for the costs which accrued in the Circuit Court. Further facts appear in the opinion. Plaintiff appeals.

*Frank Farrell*, for appellant.

No appearance for appellee.

ROTHROCK, J.—I. It appears that the plaintiff was the owner, in his own right, of the northwest quarter of the north-west quarter of section twenty-four, and that the northeast quarter of section twenty-three was owned by plaintiff and one Mathias Hanrahan, jointly.

1. HIGHWAY: damages:joint owner.

The plaintiff moved the the court for leave to make Mathias Hanrahan a party plaintiff with him. The motion was overruled.

There was no error in this ruling. Mathias Hanrahan did not claim damages before the board, and a claim could not properly be made for him upon appeal. He did not ask damages, and plaintiff could not recover for him.

II. The plaintiff offered to prove the damages to the northeast quarter of section twenty-three by reason of the location of the proposed road. The evidence was excluded by the court. This we think was erroneous. It was admitted that plaintiff was the owner of an undivided one-half of the land. He was therefore entitled to recover damages to the extent of his ownership. We know of no rule that would prevent such recovery because the other joint owner neglected or refused to join with him in making the claim. There could be no valid objection to proving the damages to the whole tract. The damages to plaintiff's interest therein could then be ascertained by a simple mathematical calculation.

2. —: —: —.

III. The testimony of the witnesses fixed the damages to the forty acres owned by the plaintiff in his own right at not less than ten nor more than fifteen dollars, for the actual value of the land taken, and thirty-five dollars as the cost of building forty rods of fence made necessary by the establishment of the road.

3. —: —: fence.

The court excluded the testimony as to the cost of building the fence, and assessed the amount of plaintiff's damages at $15.

The opinion in the case of *Henry v. Dubuque & Pacific R. R. Co.*, 2 Iowa, 288, is an elaborate exposition of the true method of arriving at the compensation due the owner for an appropriation of his land for public purposes. The decision in that case has been followed since that time, by the courts of this State, and we see no reason to establish other and different rules. It is there held that the owner should not be allowed for fence *as fence*, in the assessment of damages. That "it will not do to say that the proprietor will have to fence his land, therefore he should be allowed some definite price for some particular kind of fence." "That, if by the establishment of the road the land is thrown open and left in a manner unfenced, this fact may enter into the consideration in arriving at the depreciated value of the remaining premises."

We need not further repeat the rules laid down in that opinion. The court in this case, and we think properly, excluded the evidence as to the cost of a particular kind of fence.

IV. The amount of damages allowed by the Circuit Court was the same as was allowed by the Board of Supervisors. The taxation of costs to the plaintiff was erroneous.

Section 963 of the Code provides that "if the appeal has been taken by the claimant, the petitioner for the highway, or the county, must pay the costs occasioned by the appeal." It is not provided that the payment of costs in cases where the claimant appeals shall be contingent upon the amount of damages allowed by the Circuit Court.

REVERSED.