George Bracken, Appellee, v. City of Albia, Appellant.

**APPEAL AND ERROR: Harmless Error.** In proceedings for the condemnation of land for a sewer disposal plant, testimony reviewed, relative to the operation of another and different plant, and held to be harmless to complainant.

**EMINENT DOMAIN: Compensation—Improper Elements.** On the issue of damages consequent on the condemnation of *land* for a sewer disposal plant, damages which *may* result from the negligent construction or operation of the plant may not be considered.

EMINENT DOMAIN: Compensation—Nonexcessive Damages. Damages of $4,500 for the condemnation of some three acres of rough land for a sewer disposal plant, held nonexcessive.

EMINENT DOMAIN: Compensation—Growing Crops. The value of growing crops lost by condemnation proceedings is a proper item to be considered by the jury.

*Appeal from Monroe District Court.*—C. W. VERMILION, Judge.

OCTOBER 17, 1922.

PROCEEDINGS for condemnation of a tract of land for the purpose of establishing a disposal plant. The defendant appeals from the award of the jury.—*Affirmed.*

*David Strieff* and *Mabry & Mabry,* for appellant.

*Bates & Dashiell* and *Miller & Everett,* for appellee.

FAVILLE, J.—The appellee is the owner of 38½ acres of land. North A Street of the appellant city extends to the southwest corner of said tract. The appellee lives on said premises, and has thereon improvements, consisting of a house, barn, corncrib, garage, henhouse, and well. There is a creek running northeast from the southwest corner of the land. Part of the land is rough and covered with trees and brush, and a comparatively small portion of it is in cultivation. The appellant city, by condemnation, sought to appropriate 3.02 acres of said tract for a sewage disposal plant, consisting of a tank and filter beds. The tank is located 413 feet northeast from appellee's house, and the filter beds about 100 feet farther away. To reach the tank it is necessary to carry a sewer across the appellee's premises, and this passes along a gully, and is carried on concrete pillars for a distance of 72 feet. Appellant also appropriated the right to an easement over a strip of land from the street to the disposal plant. The sheriff's jury awarded the appellee damages in the amount of $1,816.50. The appellee appealed to the district court, where the award was fixed by a jury in the sum of $4,500. From said award, the city prosecutes this appeal.

I. Appellant's first contention is that the court erred in

overruling objections by appellant, relating to an existing disposal plant in the west part of appellant city.

1. APPEAL AND ERROR: harmless error. The matter first arose on the examination of a witness for the appellee, who was asked, on cross-examination, the following question:

"Speaking in general terms, after one of these plants are established and in operation, are there any offensive odors arising from and spreading over the immediate vicinity, after they are in operation?"

No objection was interposed, and the witness testified that, from an examination of a plant at Mount Pleasant, no odor was observable. On redirect examination, the same witness was asked in regard to the existence of a disposal plant in the west part of appellant city, and was then asked this question:

"Now, don't you know, or do you know, as a matter of fact, that this plant in the west part of the city threw out odors or offensive smells there, so that it is disagreeable and obnoxious to people living within a quarter of a mile thereof?"

The appellant's counsel objected to the question, which objection was overruled, and the witness answered:

"I can't say I have ever been to that disposal plant when the sewage was delivered to that plant. I have been there, I expect twice, and it has happened to be that both these times the sewage had been directed into the creek. I have never seen the plant in operation. I was down there last summer, and the sewage was not being delivered to it. It had been by-passed, for some reason or other, when I happened to be there. There would be a smell when the sewage goes direct into the creek, without any treatment. I just went out of curiosity, to see what it looked like."

On recross-examination, the witness testified:

"I don't know when the plant west of the city was constructed. I do not know whether it was the same type of plant. My statement was, it was the same principle—not the same type. I don't know what the equipment is in the plant west of town. I do know what it is in the one out north. It is a modernized and improved plant over the plant in the west part."

Thereafter, during the examination of a witness for the appellee, evidence was offered in regard to the so-called west

disposal plant and its construction. During this examination, there was an extensive argument by counsel in regard to the introduction of evidence regarding the condition of the disposal plant in the west part of the city, and counsel for the appellant argued to the court, in the presence of the jury, that the city could in no way be liable for damages in this action by reason of any faulty construction or operation of the disposal plant; that damages should be strictly limited to the amount the appellee would suffer, assuming that the disposal plant was properly constructed. The court sustained the appellant's contention, and held that the appellee could show the actual condition of the plant on appellee's premises, and how it will operate, but that appellee had no right to show how some other particular plant operates. The appellee offered to show the principle on which the so-called west plant was constructed, and that there was pollution of the atmosphere from the operation of the so-called west plant. This offer was objected to by the appellant, and the objection sustained. Appellant contends that it was error to permit the witness to testify on redirect examination as above quoted, in respect to his observation of the operation of the west disposal plant. It is to be noticed that appellant first raised the question as to the operation of any other similar plant on the cross-examination of this witness, and on redirect examination, the testimony that was brought out clearly showed that, at the time he examined the west disposal plant, the sewage was not being delivered to the plant, but was going directly into a creek, without any treatment.

The jury could not have been misled by this evidence, or have drawn the conclusion therefrom that the disposal plant under consideration would be obnoxious because it would produce conditions similar to those at the west disposal plant, where the sewage was not delivered to the plant, but was discharged in an open creek. The court instructed the jury in regard to the measure of damages, and, as a part of said instruction, included the following:

2. EMINENT DO-MAIN: compensation: improper elements.

"Any damages arising from the negligent construction, maintenance, or operation of said disposal plant or improper use of said rights of way may be recovered in a proper action,

but are not elements in fixing the value of the land or rights of way taken, or the compensation to be allowed the plaintiff in this proceeding.''

Appellant complains that the giving of said portion of said instruction was error, in view of the record with regard to the testimony respecting the west disposal plant.

The instruction as given was proper. Appellant is in no position to complain thereof, and it properly warned the jury not to take into consideration any damages that might arise from negligent construction or improper use. This was a correct statement of the law; and especially, in view of the evidence that had been offered before the jury, it was a proper instruction to give, under the facts of the case.

In this connection, it is also contended that one of the jurors made statements in the jury room regarding his personal knowledge of the conditions surrounding the west disposal plant. Affidavits and counter-affidavits were filed in respect to this matter, in connection with the submission of a motion for a new trial.

We have examined the record with care, and reach the conclusion that the ruling of the trial court in respect to these matters was correct.

II. It is contended by the appellant that the verdict of the jury is so excessive as to indicate that it is the result of passion and prejudice.

3. EMINENT DO-MAIN: compensation: non-excessive damages. The appellant introduced as its witnesses the members of the sheriff's jury, all of whom placed the damages at the identical figure fixed in the award, to wit, $1,816.50. The appellee offered six witnesses in regard to damages, whose estimates varied, the highest amount of damage testified to being $5,557.

The amount of damages to be ascertained in a case of this kind is necessarily largely an approximation. The jury did not accept the highest estimate placed by the witnesses, nor the lowest. Upon the record, we cannot say that the award as made is so excessive as to indicate passion and prejudice on the part of the jury, nor can we sit as triers of facts, and substitute our conclusion, as to the amount of damages to be awarded, for the

judgment of the jury in a case of this kind, upon such a record as is here disclosed.

We find no error at this point warranting our interference.

III.   Instruction No. 5 is as follows:

"In determining the fair market value of plaintiff's farm immediately before the city took the portion and rights of way aforesaid, you should consider the value of any crops then grow-

4. EMINENT DO-
MAIN: compensa-
tion: growing
crops.

ing on said portion of said land so taken, and any and all other facts and circumstances in evidence bearing thereon."

It is contended that the instruction should not have been given.

The undisputed evidence showed that from one fourth to one half an acre of the land appropriated had a growing crop of wheat upon it at the time of the condemnation, which was in May.   The instruction was a correct statement of the law.   The value of growing crops lost by condemnation is a proper item to be considered by the jury, and especially so where the true measure of damages is clearly and expressly given, as was done in the instant case.   See *Kukkuk v. City of Des Moines,* 193 Iowa 444, and cases cited therein.

We find no error in the record requiring interference on our part, and the judgment of the district court is, therefore,— *Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.