LANE KOSTERS, Appellee, v. SIOUX COUNTY, Appellant.

**EMINENT DOMAIN:** Assessment of Compensation—Excessive Verdict. The amount of damages consequent upon condemning a strip of land for a public highway through a farm is largely a matter of arriving at a fair approximation. Record reviewed, and held that a verdict of $3,875 for a 66-foot strip (amounting to some 4 acres) through a farm was not excessive.

**EMINENT DOMAIN:** Compensation—Unallowable Elements of Damages. On the issue of damages consequent upon condemning a strip

of land for a public highway through a farm, evidence is wholly inadmissible as to the cost of constructing through said highway a passageway for stock.

**EMINENT DOMAIN:** Compensation—Time Limit on Values. Witnesses may be permitted to speak as to the value of a farm *as of the date of the trial, and long after the condemnation had been had,* when the court is careful to tell the jury that the measure of damages is difference in value immediately before and immediately after the taking.

*Appeal from Sioux District Court.*—C. C. BRADLEY, Judge.

FEBRUARY 13, 1923.

APPEAL from an award for damages in condemnation proceedings for the construction of a public highway.—*Reversed.*

*Anthony Te Paske* and *Hatley & Van de Steeg,* for appellant.

*Van Oosterhout & Kolyn,* for appellee.

FAVILLE, J.—The appellee is the owner of a farm of 154 acres, in Sioux County. Prior to the proceedings involved in this action, there was a roadway extending along the west side of said farm, and one also on the south side. The right of way of the Great Northern Railway Company passes through the farm from north to south, a distance of about 75 rods from the west line of the farm. A small creek crosses the farm from the northwest to the southeast, and the railroad crosses said creek on a trestle about 80 feet in length, the piles of which are about 12 feet apart. There is pasture land on both sides of the railroad right of way near the trestle. The crop land on the farm lies chiefly east of the railroad track, being divided by the creek into two parcels. Access to the portion of the farm east of the railroad track by stock and teams was by passage under the railroad trestle, except at times when the water in the creek prevented. There was a private crossing over the railroad track some distance south of this trestle. The buildings are located on the west side of the farm. In 1919, the board of supervisors

established a new highway across the appellee's farm. This highway, as laid out and constructed, was immediately adjacent to the right of way of the Great Northern Railway Company and on the east side thereof. It was established at the usual width of 66 feet. The actual acreage appropriated was 3.9 acres. Proper proceedings by appraisement were had, as provided by statute, and the sheriff's jury awarded the appellee $300 per acre for the land taken and $1.35 per lineal rod for the necessary fence along the highway. The appraisers, in making their award, also provided that there should be a passageway for cattle constructed through the grade of the highway. On appeal to the district court, the jury awarded damages in the sum of $3,875. At the time of the trial, the work of constructing the highway was practically completed. A bridge was built over the creek. This is 28 feet long and 18 feet wide, and the floor is about 8 feet above the stream. There was also constructed a passageway for cattle through the highway embankment, about 50 feet south of this bridge. This passageway is about 26 feet long through the embankment, and is six feet high and four feet wide from wall to wall.

I. It is urged by the appellant that the verdict is excessive, and is the result of passion and prejudice.

The award is large, but we do not think that the amount is such as to indicate passion and prejudice on the part of the jury, or to require interference therewith on our part. The action is not of a character that is likely to unduly appeal to the passions or prejudices of a jury. The case was tried in Sioux County, where the land is situated, and it is fairly to be presumed that the jury would not be unduly inclined to award excessive damages that would have to be borne by the taxpayers of the county. It would be quite unusual if the jury was not composed in whole or in part of such taxpayers. There is nothing about the situation in the case that would tend to inflame the passions of a jury or excite their prejudices in such a manner that it would find expression in an excessive award. The injury to appellee's farm was substantial and permanent. The evidence showed that, during a large portion of the year, passage from the west side to the east side of the farm, for cattle

1. EMINENT DO-
MAIN: assess-
ment of com-
pensation: ex-
cessive verdict.

and teams, was convenient under the railway trestle. On recommendation of the appraisers, a passageway for cattle was constructed south of the bridge through the embankment of the highway. It is not very surprising that a jury familiar with ordinary farming conditions would find that a passageway of this character, six feet high and four feet wide, was quite inadequate for the free movement of stock from one portion of the farm to the other. There would be some opportunity for passage under the highway bridge, when the condition of the stream would permit. The highway as constructed passes in the rear of the buildings on appellee's farm, and about 75 rods distant therefrom. The evidence in regard to damages ranges in various amounts from $300 per acre for the actual number of acres taken, to a gross sum of $7,700.

The amount of damages to be awarded in cases of this kind is, of necessity, largely an approximation. We cannot substitute' our own judgment for that of the jury in cases of this kind, upon such a record as is here set forth. As bearing on this question, see *Bracken v. City of Albia,* 194 Iowa 596.

II. Appellant complains that testimony was permitted with regard to the cost of the construction of a larger passageway for cattle through the highway embankment. The appellee used the county engineer of Sioux County as a witness, and, during the course of his examination in chief, the following question was asked:

2. EMINENT DO-
MAIN: compen-
sation: unallow-
able elements of
damages.

"Can you give us an estimate as to what the cost of a cattle pass would be, 8 feet high, 10 feet wide, for the entire length?"

The question was objected to as immaterial. Counsel for the appellee stated:

"The point is, there is a claim that the cattle pass is too small, and has too small an opening, and we contend that there should be an adequate cattle pass for the cattle to pass through, and our contention is that we are entitled to what the damages to us are for a cattle pass, the damage to which we have been put by this wholly inadequate pass, and the cost of an adequate one, built either by ourselves or someone else."

The objection was overruled, and the witness answered, "Approximately $2,200." Appellant's attorney moved to

strike the answer, as not being a proper element of damage, and the court stated: "The motion will be overruled at this time." Nothing further was done in regard to said matter, and no other testimony was offered in the case in regard to said subject.

In determining the amount of damages, it was proper for the jury to take into consideration all pertinent facts pertaining to the condition of the farm before and after the construction of the road. The award of damages is not to be made, however, by the assessment of a series of specific items. In *Henry v. Dubuque & P. R. Co.*, 2 Iowa 288, we held that the owner of premises taken should not be allowed for *"a fence as fence"* in the assessment of damages, and that it would not do to say that the proprietor would have to fence his land, and therefore he should be allowed some definite price for some particular kind of fence; that if, by the establishment of the road, the land is thrown open and left in a mere unfenced condition, this fact might enter into the consideration in arriving at the depreciated value of the remaining premises. See, also, *Hanrahan v. Fox*, 47 Iowa 102. And so in the instant case, the appellee could not recover the sum total of various specific items, such as the cost of fence, the cost of a passageway, and other similar items. The damage is to the farm as a whole, and must be awarded in a lump sum. The court properly instructed the jury in regard to the true measure of damages. The challenged question was whether the witness could give an estimate as to what the cost of a cattle pass would be, 8 feet high and 10 feet wide. The objection thereto was that the question was immaterial. The question should have been answered by "yes" or "no," but it was not so answered. The witness gave a specific sum as his estimate of the cost of construction of "a cattle pass 8 feet high, 10 feet wide." Nothing was disclosed as to the kind of passageway the witness had in mind, whether it was to be constructed with cement walls or walls of plank, or whether it was to have a cement floor or no floor. No particulars were gone into.

Paraphrasing what we said in *Henry v. Dubuque & P. R. Co.*, supra: As soon as it is determined that a cattle passageway must be paid for, the questions arise, What kind of passageway? Who is to keep it in repair? Shall it have walls of plank, dirt, or cement? Shall the county keep it in repair, or

shall the owner of the fee, or shall both share the burden? And so on, to utter confusion. The appellant's motion to strike the answer on the ground that it was not the proper measure of damages should have been sustained. We cannot say that it was not prejudicial, and that the jury did not take this into consideration in determining their verdict. Furthermore, it will be observed that, at the time this question arose, counsel for the appellee argued to the court, in the presence of the jury, that the purpose was to show that the cattle pass was wholly inadequate, and that appellee had the right to show the cost of an adequate one, built either by themselves or someone else; and in the face of this argument before the jury, the court permitted the answer as to said cost to be received. It is contended by the appellant that, in argument to the jury, counsel for appellee stated to the jury, in substance, that appellant had been prevented by the objections of the appellee, which had been sustained by the court, from showing that the damages sustained would include a fence that would cost $600, a cattle pass that would cost $2,500 or $2,600, and the use of the railway trestle of $500. Counsel for appellant then made the objection that the explanation of counsel for the appellee showed that it was an attempt to get before the jury, in an indirect way, what had been prevented from being proved before the jury in a direct and proper manner. The court said:

"If the remarks were as claimed by counsel for the defendant, they were improper, but if they were along the line indicated by counsel for plaintiff, there is nothing improper; but the jury should determine that. The court did not hear it. The jury, of course, understand what is said to them in argument by counsel is not evidence, and cannot be so considered."

In the instructions to the jury, the court said:

"In determining the difference in the market value of the farm in question before and after the condemnation proceedings, you may and should take into consideration the amount in value of the land actually condemned and taken by the defendant, and also the effect, if any, of the taking for the purposes intended upon the value of the remainder of plaintiff's farm, so far as the same can be ascertained from the evidence, and from a consideration of these matters, and of all the facts and

circumstances shown upon the trial, and applying the rules for the measure of damages given you in these instructions, allow the plaintiff such damages as he has proven to you by a preponderance of the evidence that he has sustained, not exceeding the sum of $7,500, using your sound discretion and judgment in arriving at your conclusion.''

It will be observed that, in said instruction, while the court defined to the jury the true measure of damages, it also told the jury that the difference in value of the farm before and after the taking was to be ascertained, not only from the proof of the value of the land actually contemplated and taken, but also from the effect, if any, of the taking upon the value of the remainder of the farm, so far as the same could be ascertained from the evidence; and that, from a consideration of these matters, and of all the facts and circumstances shown upon the trial, and applying the rules for the measure of damages given by the instruction, they should allow the plaintiff such damages as he had proved by a preponderance of the evidence.

In view of the colloquy which took place at the time this evidence was offered and admitted, and, coupled with it, the colloquy during the argument, we cannot say that the admission of this testimony as to the cost of the construction of an adequate cattle pass was without prejudicial error. The court told the jury that they might take into consideration all the facts and circumstances proved by the testimony, in fixing the amount of damages sustained to the farm. Here was specific proof of a particular item of damages which should not have been allowed, and which was a ''fact and circumstance'' shown by the evidence which the jury should not have been allowed to take into consideration, in determining the difference in the value of the farm before and after the taking. We think that the argument of counsel, to which objection was interposed, and what took place in connection therewith, rather magnified than minimized the error that had been committed in the admission of this testimony. The testimony with regard to the cost of this specific item for the construction of a cattle pass should have been stricken from the record, or the jury should have been properly instructed not to consider the same. This, however, was not done, and the further proceedings in the case in regard to said

matter rather added to the previous error; and the admission of this testimony, under all of the circumstances of the case, in our judgment was reversible error.

III.   It is contended that the court erred in permitting witnesses to testify with regard to the value of the farm after the construction of the improvement and at the time of the

3. EMINENT DO-
MAIN: compen-
sation: time
limit on values.

trial, the point made being that the damages should have been limited to the condition of the farm immediately before the condemnation and immediately thereafter.   The rule was correctly stated by the court to the jury.   The highway had been constructed before the trial in the district court, and witnesses were enabled to describe its condition and the condition of the farm with the highway actually thereon.   There was no showing that there had been any change in the value of farm lands between the period immediately preceding the condemnation and the time of the trial.   In fact, the contrary appears from the record.   The jury were instructed that they were to find the difference in value between the farm as a whole immediately before the taking and immediately thereafter.   This evidence was confined to this.

For the error pointed out, the judgment of the district court must be, and it is,—*Reversed*.

PRESTON, C. J., EVANS, STEVENS, and ARTHUR, JJ., concur.