H. E. BESCO et al., Appellees, v. MAHASKA COUNTY et al.,
Appellants.

**EMINENT DOMAIN:** Compensation—Conflicting Evidence. The de-
1   preciation in the value of a farm as a whole because of the con-
demnation of a right of way thereover is necessarily a matter of
estimation, and a verdict on supporting and conflicting testimony
will not be disturbed. The amount of land taken is by no means
the sole criterion. (See Book of Anno., Vol. 1, Secs. 4582, 4600,
7835.)

**APPEAL AND ERROR:** Preservation of Error—Nonrecord Matter.
2   Litigants may not, on appeal, avail themselves of a nonrecord mat-
ter. (See Book of Anno., Vol. 1, Sec. 11538, Anno. 3 *et seq.;* Sec.
11550, Anno. 451 *et seq.;* Sec. 12845, Anno. 20 *et seq.*)

Headnote 1: 20 C. J. pp. 1016, 1116.   Headnote 2: 4 C. J. p. 553.

*Appeal from Mahaska District Court.*—H. F. WAGNER, Judge.

OCTOBER 20, 1925.

IN the district court this was an appeal from an award by
the sheriff's jury in a condemnation proceeding for the estab-
lishment of a highway across the plaintiff's land. The sheriff's
jury made an award of $1,750. On appeal to the district court,
the plaintiff recovered a verdict of $4,850. From an order over-
ruling the motion for a new trial and confirming the award of
the jury, the defendant has appealed.—*Affirmed.*

*Devitt & Eichhorn,* for appellants.

*McCoy & McCoy* and *C. Ver Ploeg,* for appellees.

EVANS, J.—The plaintiff's farm comprises 195 acres. A
proposed primary road was established upon and through this
farm. The following plat will aid in describing the location of
the road upon the farm:

This new road extends from the point F to C, a distance of 200 rods. Between the points C and B, and between A and F, it is laid upon the boundary line, and appropriates a width of 33 feet from plaintiff's land. From B to A it is laid wholly upon plaintiff's land, and operates to divide his farm into two separate parts. East of the line FC runs the Muchakinock Creek, which runs substantially parallel thereto. The plaintiff's house and buildings are located near the east line of the farm. Along this east line runs the present primary road No. 59. It will be noted that the plaintiff's farm is irregular in shape. All parts thereof, however, were readily accessible, prior to the establishment, to the plaintiff's house and appurtenant buildings. That part of the highway which operates to divide the plaintiff's farm is laid upon a high grade, varying from 3 to 9 feet in height. At that point thereof which is provided as a place of crossing for the plaintiff, the grade is 7½ feet high. This grade for its full length is protected by high railings on each side. That part of plaintiff's farm lying to the west of the highway consists mainly of tillable land, with the residue of pasture. That part thereof lying to the east of the highway consists mainly of pasture, with the residue of tillable land. The amount of land appropriated from the plaintiff's farm is 3.15 acres. Necessarily, the main question litigated was the extent of depreciation in the value of plaintiff's farm by reason of the establishment of such highway. Manifestly, also, the larger damage to

1. EMINENT DO-
MAIN: compensation: conflicting evidence.

the plaintiff caused by this highway was its effect upon the value of the farm as a whole by reason of its division into two parts, rather than by the extent of the acreage carved therefrom.

The appellant presents for our consideration one contention only, and that is that the damages allowed were excessive. The amount awarded was manifestly large; on the other hand, the damage to the plaintiff's farm was manifestly very substantial. The extent of depreciation in the market value of the farm in its new condition was necessarily a question of estimate and approximation. The award of the jury fixed such depreciation substantially at $25 per acre. Three of the plaintiff's witnesses estimated such depreciation at $25 to $30 per acre. A fourth witness estimated the depreciation at $50 per acre; and a fifth one at $20 per acre. On the other hand, the defendant's witnesses estimated the depreciation at from $5.00 to $10 per acre. Two of the defendant's witnesses were members of the sheriff's jury, and one was a member of the board of supervisors of the defendant county. With this wide range of opinion, the jury had to find a middle ground. The verdict awarded had support both in the direct evidence and in the physical facts to which the evidence was directed. If the estimates of plaintiff's witnesses were unduly high, it is quite manifest that those of the defendant were unduly low. If these latter estimates could have been substantially higher, they might have afforded the jury a better standing ground than was otherwise afforded them. The existence of the highway across the farm fixed a daily and permanent inconvenience in the operation thereof. That such a manifest inconvenience would operate upon the mind of a proposed purchaser to the substantial depreciation of the market value, is very evident. There was evidence that the farm was worth $200 per acre before the road was laid thereon. The contention now presented by appellant was presented in its motion for a new trial, and was overruled by the trial court. The trial court has a larger discretion at this point than we have. The verdict comes before us stamped with the approval of the trial court. We can discover in the record no proper ground for our interference therewith.

Appellants insist in argument that the trial judge condemned the verdict as excessive at the time he overruled the

motion for a new trial.  This insistence is not predicated upon the record before us.  The plaintiff insists, on

2. APPEAL AND ERROR: preservation of error: nonrecord matter.

the other hand, that the trial court approved the verdict, and overruled the motion for a new trial. Such is the record presented here.  Needless to say, we are not permitted to follow counsel outside of the record.  If the trial judge in fact disapproved of the verdict as being excessive, it was the privilege of the defendant, and the duty of the court, to have such fact appear of record.  With such disapproval, the court could not consistently refuse relief to the defendants.  Upon the record as it is, we cannot say that the verdict was excessive. *Kosters v. Sioux County,* 195 Iowa 214; *Bracken v. City of Albia,* 194 Iowa 596.

The judgment below is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.