PERRY G. FRESHWATER et ux., appellees, v. C. H. WILDMAN, sheriff of Scott County, and IOWA STATE HIGHWAY COMMISSION for the use and benefit of the State of Iowa, appellants.

No. 50767.

(Reported in 117 N.W.2d 910)

November 13, 1962.

C. J. Lyman, Special Assistant Attorney General, and A. Jackson Allen, General Counsel for the Iowa State Highway Commission, both of Ames, and Daniel A. Whalen, Counsel for Iowa State Highway Commission, of Davenport, for appellants.

Hoersch, Werner & Harbeck and McDonald, McCracken, McDonald & Carlin, all of Davenport, for appellees.

THOMPSON, J.—For consideration here is an appeal by the Iowa State Highway Commission, hereinafter known as the defendant, from a verdict of a trial jury and the resulting judgment which considerably increased the award to the plaintiffs for a partial taking of their realty made by a properly constituted condemnation commission appointed by the Chief Justice of this court. Plaintiffs' lands were a residential property located in Scott County, improved by a two bedroom, story and one-half dwelling house, with garage and minor outbuildings. The property abutted Highway No. 150. The part taken by the defendant consisted of .74 of an acre immediately adjoining the highway, and contained none of plaintiffs' buildings. The remaining part was four tenths of an acre in extent, and included the buildings. At the time plaintiffs purchased it was not within any city or town, but before the condemnation it had been annexed to the City of Davenport and was suburban residential property in that city. It was not readily convenient to any sewer system, and was improved by a septic tank with drain tiles running from it; and these drains were cut and partially removed by the defendant in making the improvement, leaving the affluent from the septic tank running into the drainage ditch along the highway.

The condemnation commission, although not requested to do so by the plaintiffs, allocated $3400 of its award to the value of the property taken and $500 to consequential damages, apparently in an attempt to follow section 472.14 of the Code. That part of this section which is material here was added by an amendment made by chapter 239, Acts of the Fifty-seventh General Assembly. We quote it: "* * * Where the land sought to be condemned is a part of a larger tract of land, and in making such assessment at the request of the condemnee the commission-

ers shall divide the damages into two parts, namely, the value of the land (including improvements thereon), sought to be condemned, and the consequential damages resulting to the owner from such condemnation and appropriation." This part of section 472.14, supra, has not previously been before this court, and we are faced with an initial determination of its meaning.

Although the condemnees, the plaintiffs here, did not request a division of their damages by the commission, they did, upon taking their appeal, attempt to make such a division. Their petition asked $10,000 as the value of the land taken and $7500 for consequential damages. The defendant strongly contends that section 472.14 does not permit this division when the matter comes before the courts. The trial court attempted to allow the jury to make the division, but in so doing it fell into error. It attempted to follow the long established rule that the measure of damages for a partial taking is the difference in the fair and reasonable market value of condemnees' land before the taking and after it. We have followed this rule from 1855, when Sater v. Burlington and Mount Pleasant Plank Road Co., 1 (Clarke) Iowa 386, was decided, until the very recent cases of Harmsen v. Iowa State Highway Commission, 251 Iowa 1351, 1354, 105 N.W.2d 660, 662, and Trachta v. Iowa State Highway Commission, 249 Iowa 374, 380, 86 N.W.2d 849, 853. Numerous other cases have announced and followed the rule, but it has been so long established and is so generally recognized that citation of other authorities is needless. No one disputes it here.

I. The trial court, while announcing the rule and directing the jury to make its award accordingly, also tried to bring in the question of consequential damages. Its instruction No. 5 stated the rule correctly and concisely. In instruction No. 9 it told the jury again that "The difference between the reasonable market value of plaintiffs' real estate immediately before and immediately after the condemnation is the amount which you should award the plaintiffs as their damage by reason of such condemnation, which amount, however, may not in any event exceed the sum of $10,000, the amount prayed for by plaintiffs in their petition."

It is to be noted that plaintiffs did not in their petition pray

for $10,000 as the "before and after" difference in the value of their property. They alleged the value of the property taken was that sum. The court then proceeded, in its instruction No. 13, to permit the jury to consider whether the plaintiffs had suffered consequential damages, and if so, instructed that it should include in its award "such sum as you find will reasonably compensate plaintiffs for such consequential damages * * *. In no event can your award for such consequential damages exceed the sum of $7500, the amount claimed therefor."

It is evident that the court by these instructions permitted the jury to find first, the before and after taking value; and to add to that the amount of consequential damages it might find the plaintiffs had suffered. This would seriously modify the rule that the sole measure of damages in cases of partial taking is the difference in the reasonable market value before and after the taking. We know of no authority for this. In fact, the court went beyond the case made by the plaintiffs' petition, where, as we understand it, they were attempting to show the reasonable before and after market value by adding together the value of the land taken and the consequential damages. We are not inclined to amend our long established rule by permitting the addition of consequential damages to the before and after value. The defendant took proper exceptions to instruction No. 13 which fairly presented the claimed error to the court.

II. Our holding in the previous division requires a reversal. But in view of another trial, it is necessary that we discuss and determine other questions raised. A difficult one is whether that part of section 472.14 quoted above, when an appeal is taken from the award of a condemnation commission, where a request has been made by the condemnee for a division of the damages into value of the property taken and consequential damages, applies also to the proceedings in the courts. The statute by its terms applies only to the appraisal of the condemnation commission. There, if the condemnee requests, he may have his damages divided. Should he lose his right to this if he is dissatisfied with the award made by the commission and appeals to the court? In other words, should he be faced with the unpleasant choice of either accepting the award of the commission or losing his right

to a division of the damages? See Comments, 43 Iowa Law Review, Number 2, pages 288 to 290, inclusive.

On the other hand, there are these considerations: The statute by its language applies only to the condemnation commission. If we should say it implies also a right to division of the damages in the courts upon appeal, are we to say that our basic before and after rule of damages is abrogated in favor of a finding of the value of the property taken plus consequential damages? Or should we resolve this question by saying that it was intended the two parts—the value of that taken and the consequential damages—are to be added together to make the value before and after the taking?

If we should decide the language of section 472.14 applies also to proceedings in the courts, there is also a thoroughly settled rule of evidence which would be abrogated. We have repeatedly said that while the condemnee may properly show burdens or detriments to his remaining land arising because of the making of the improvement, he may not introduce estimates of costs necessary to offset or remove these detriments. The rule is well stated in Trachta v. Iowa State Highway Commission, supra, loc. cit. 249 Iowa 382, 86 N.W.2d 855:

"We conclude that evidence of the cost of a hypothetical structure such as the corral in the case at hand cannot be considered as an element of damage to the farm, and that the court's rulings were not erroneous [citing authorities]; that plaintiffs had a right to call the jury's attention to any undesirable resulting situation which would adversely affect the farm value; but that evidence of the cost of any plan or scheme to overcome the lessened value is much too speculative and uncertain, even though accurate estimates of proposed structural costs may be available."

To the same effect may be cited many other cases, including Ranck v. Cedar Rapids, 134 Iowa 563, 566, 111 N.W. 1027, 1029; Kosters v. Sioux County, 195 Iowa 214, 218, 219, 191 N.W. 993, 995; Dean v. State, 211 Iowa 143, 146, 233 N.W. 36, 38; Randell v. Iowa State Highway Commission, 214 Iowa 1, 10, 241 N.W. 685, 689, 690; Harmsen v. Iowa State Highway Commission, supra, loc. cit. 251 Iowa 1354, 1355, 1356, 105 N.W.2d 662, 663.

Few rules are better known and settled in our jurisprudence. But, if section 472.14 as quoted is to be followed by the courts, it will be necessary to permit evidence of specific values of costs of each item making up the consequential damages. Not only would a different measure of damages be applied—a change from the before and after rule to that of the value of the land taken plus consequential damages—but the rule of evidence which denies the right to show specific values or costs of the various burdens or detriments occasioned by the taking would be eliminated.

This would be true, if we should adopt the contention of the plaintiffs, only in cases where the condemnee elected to ask for a division of the damages by the commission, as permitted by section 472.14, supra. Where such a request was not made, the courts would follow the established rules as to measure of damages and admissibility of evidence. So we would have the somewhat absurd situation of trying some condemnation appeals by certain rules as to measure of damages and evidence, and others by quite different ones, depending upon whether the condemnee saw fit to request a division of the damages.

No doubt the legislature has the power to change the rules as to measure of damages or admissibility of evidence, within constitutional limitations. But we are not convinced that it has manifested its intent so to do here with sufficient clarity that we should find it meant to make the changes and bring about the results contended for by the plaintiffs. We conclude the amendment to section 472.14 applies only to proceedings by the condemnation commission.

III. A somewhat analogous situation is shown in Maxwell v. Iowa State Highway Commission, 223 Iowa 159, 162, 163, 271 N.W. 883, 884, 885, 118 A. L. R. 862. Section 472.22, formerly section 7841.1 of the Code of 1939, provides that the condemnee appealing from an award of the commission shall file a petition, "stating specifically the items of damage and the amount thereof." But we held in the Maxwell case, supra, that this did not mean the condemnee would be permitted to offer evidence of the specific cost changes made necessary to remove or alleviate burdens or detriments resulting from a partial taking. We said: "* * * it certainly was not intended by the enactment of this

section that the petition * * * should plead as separate issues each element of damage or depreciation claimed. The only issue ultimately to be determined is the value of the entire property before and its value after the condemnation and appropriation." We hold that the ultimate issue remains the same after the enactment of the quoted amendment to section 472.14, and is to be proven by the same evidence.

IV. The plaintiffs urge that evidence of the cost of relocating, rebuilding or rehabilitating the septic tank and drainage pipes was admissible under the rule announced by us several times. The principle contended for is an exception to the rule discussed in the foregoing division which denies the admissibility of evidence of specific costs of removing burdens or detriments. We stated the exception in Trachta v. Iowa State Highway Commission, supra, loc. cit. 249 Iowa 379, 86 N.W.2d 853, in these terms: "There appears to be but one exception, which relates to the moving of a present structure such as a fence where exactly the same wire, posts and braces are used, and there is no uncertainty as to its establishment and future maintenance." The question is discussed at some length in Randell v. Iowa State Highway Commission, supra, 214 Iowa 1, 241 N.W. 685.

It will be observed that the exception is a narrow one. It is true the situation before the court in the instant case is, as plaintiffs contend, to some extent one which involves the relocation or rehabilitation of an existing structure. But there is evidence which, as we understand the record, shows that the septic tank was not properly located even before the condemnation. Plaintiffs' witness George Steckel, the plumbing inspector for the City of Davenport, testified that "The present septic tank system does not conform to regulations at the present the way it is, it's down there about 6½ feet, the top, which will not function. A septic tank is not supposed to be over 3 feet in the ground, the top of it, and there would be no way of getting a field tile from that present tank to do any good." If, as we understand this, the necessity for relocation of the tank is due in part at least to improper location in the first instance, the evidence of specific cost would not be admissible under the exception set out in the Randell and Trachta cases, supra. In any event, of course, the

case must be reversed because of errors pointed out in Divisions I and II.

V. Plaintiffs make some attempt to claim an estoppel against defendant highway commission because, they say, they—the plaintiffs—made no request for a division of the damages under section 472.14, but such division was made in the first instance voluntarily and upon its own motion by the condemnation commission. So, they urge, "Defendants-appellants are now taking the position that the trial court and the District Court jury had no right to do the very thing which their own agents did voluntarily."

We doubt that plaintiffs are serious in this contention. In any event, it is specious. The condemnation commission is not an agent of the Iowa State Highway Commission, but is an impartial and independent body organized for the purpose of awarding a price for condemned property fair to both the condemnee and the condemnor. Its acts are in no sense the acts of the highway commission.

The case must be reversed and remanded for further proceedings.—Reversed and remanded.

All JUSTICES concur except STUART, J., who takes no part.