CLARIBEL COOK, Appellee, v. BOONE SUBURBAN ELECTRIC RAILWAY COMPANY, Appellant.

Railroads: CONDEMNATION: SEPARATE TRACTS: RECOVERY FOR WHOLE. The continuity of two adjoining forty-acre tracts constituting and used as a single farm, is not destroyed by the location of a railroad along the boundary line between them, and in the appropriation of another right of way over one of the forties the owner is entitled to such damages as may be occasioned to the farm as an entirety.

*Appeal from Boone District Court.*—HON. W. S. KENYON, Judge.

WEDNESDAY, JANUARY 27, 1904.

ASSESSMENT of damages in proceedings to condemn right of way. Defendant appeals.—*Affirmed.*

*S. R. Dyer* and *W. W. Goodykoontz* for appellant.

*John A. Hull* for appellee.

WEAVER, J.—The evidence tends to show that plaintiff is the owner of a farm described as the east half of the northeast quarter and the east half of the southeast quarter of section 26, township 84, range 27, in Boone county, Iowa. For some years prior to the institution of these proceedings a right of way crossing this land near the south line of the north forty-acre tract of land had been owned and occupied by the Northwestern Railway Company. The appellant company's right of way enters this north forty at the northeast corner, running southwesterly to the Northwestern's right of way; thence parallel to the latter to the western line of plaintiff's land. In instituting its condemnation proceedings the appellant company did not describe the entire farm, but only that part lying north of the Northwestern right of way. The sheriff's jury, in its award of damages, described that forty-acre tract alone. Upon the trial of the appeal it was shown, without objection and without dispute, that while the Northwestern Railway, in one sense, divided the farm into separate tracts, both were in fact used as one farm; the northern tract being utilized as a pasture in connection with the occupancy and use of the entire premises.

In submitting the case to the jury, the trial court charged that plaintiff's right of recovery was not restricted to the single forty-acre tract crossed by the railway, but she was entitled

to have assessed all such damages as the taking of the right of way occasioned to the farm as an entirety. It is now said— and this is the only point urged in this court—that the question whether the north forty was in fact a·part of the farm, or was a separate and distinct tract, should have been submitted to the jury, with the instruction that, if the forty-acre tract was in fact separate and distinct from the principal farm, then the damages to this particular tract alone could be assessed. We find no evidence upon which such an instruction would have been justified. Certainly the fact that appellant saw fit, in its condemnation proceedings, to describe only the single forty-acre tract upon which the railway was located, can have no effect to deprive plaintiff, upon her appeal, of her right to establish and recover damages to her entire farm, if in fact that forty acres was a part of it. There is no attempt disclosed by the record to show that plaintiff's claim in this respect is not absolutely correct, save as it is sought to be inferred or argued from the fact that the Northwestern Railway's right of way and track crossing the premises as already described make the pasture of somewhat less convenient use to the farm than it could otherwise be. This fact was to be considered by the jury for what it was worth in arriving at the value of the farm immediately before the appellant appropriated its own right of way, but makes the two parcels of land none the less a single farm. The contiguity of two adjoining forty-acre tracts of land, constituting a single farm, is not destroyed by the location of a railroad running along the boundry line between them, so long, at least, as they continue to be occupied and used as one holding. Had the jury in the present case found that the north tract was separate and distinct from the main farm, it would have been the duty of the court, upon application of the plaintiff, to set aside the verdict because unsupported by the evidence. .

.The judgment of the district court is AFFIRMED.