JOHN W. HALL, Appellant, v. THE WABASH RAILWAY Co.

Eminent domain: CONDEMNATION OF RIGHT OF WAY: NOTICE.  The
1  owner of adjacent tracts of land over which a railway has been
   located may describe the same as an entirety in his application
   for the appointment of a sheriff's jury to assess the damages, and
   in the notice served upon the railway company; and when the
   location of the right of way is not specified in the notice and
   return of the appraisers, otherwise than as upon and across the
   land, the proceedings should not be construed as a demand for
   damages for a portion of the right of way which it had been de-
   termined on appeal that he did not own, and his application on
   that ground should not be dismissed.

Same: ASSESSMENT OF DAMAGES.  Where it was a matter of record
2  that the plaintiff in condemnation proceedings never acquired the
   ground from which the right of way was taken over one of two
   tracts described in the proceeding, it will be presumed in estimat-
   ing the damages to his farm that the jury took into consideration
   only the damage to the other tract, but if this were not true the
   error could be corrected on appeal to the district court.

Same.  The issues in condemnation proceedings are the same on ap-
3  peal as before the sheriff's jury, though the estimate of damages
   is to be made without reference to the award appealed from.

*Appeal from Monroe District Court.*—HON. FRANK W.
EICHELBERGER, Judge.

TUESDAY, FEBRUARY 16, 1909.

ON August 8, 1902, plaintiff served notice on the
sheriff, advising him that defendant had located a railroad
from Albia to Moulton, and that "the said Wabash Rail-
road Company having refused to make compensation to
John W. Hall, owner of the Northeast ¼, section 29, and
Southwest ¼ of the Northwest ¼, section 28, township 71,
range 17, in Monroe County, Iowa, upon and over which

said railway is located, and the owner of the said real estate and the said Wabash Railroad Company being unable to agree upon the compensation to be paid for said railroad right of way, you are hereby requested by John W. Hall, the owner of the real estate above described, to appoint six freeholders of said county as by law provided to in- spect said real estate, and assess the damages to said owner by reason of the appropriation of his land for the use of said corporation for right of way purposes, and make report in writing to you." On the following day a notice of like purport, and saying that the commissioners would view the premises for the purpose of ascertaining and assessing the damages on August 21, 1902, at 11:15 o'clock a. m., was served on defendant. The commis- sioners met at the time and place specified, and assessed "the damages to the owner of the northeast quarter, 29 and southwest quarter northwest quarter, 28—71—17, in Monroe, Iowa, by reason of the location, construction and operation upon and over said land of a certain line of railroad by the Wabash Railroad Co.," at $1,100. From this award the defendant appealed, and on trial in the district court this was increased to $1,200. From judg- ment thereon the defendant again appealed, and this court reversed the judgment because of the error of the district court in instructing that plaintiff was entitled to recover for the right of way over the forty acres in sec- tion 28, for that it had been expressly excepted from the deed under which plaintiff claimed. On remand to the district court defendant moved that the case be dismissed, and the motion was sustained. The plaintiff appeals.— *Reversed.*

*Ben McCoy, R. T. Mason,* and *Fred Townsend,* for appellant.

*Perry & Perry,* for appellee.

LADD, J.—The plaintiff was owner of the N. E. ¼ of section 29, and the S. W. ¼ N. W. ¼ of section 28. The track of the defendant extended over this land as indicated in the plat:

NE¼-29-71-17
160 ACRES

SW ¼ NW¼
28-71-17
40 ACRES

-(-29-)-

As was determined by this court on a former appeal (133 Iowa, 714) because of an exception of the right of way in the deed of the forty acres under which plaintiff claimed, he is not entitled to damages therefor, but his right to damages for the taking the right of way over the one hundred and sixty acres is ruled by *Remey v. Railway*, 116 Iowa, 133, and *Russell v. Railway* (Iowa), 99 N. W. 1131. Upon remand the district court seems to have been of opinion that, inasmuch as plaintiff might not have had damages assessed for the right of way over the forty acres by the sheriff's jury, the district court acquired no jurisdiction by the appeal from the award of that body, and for this reason dismissed the cause. Such a conclusion is obviated by two circumstances appearing of record: (1) The two tracts of land are adjacent, and are described in

1. EMINENT DO-
MAIN: con-
demnation of
right of way:
notice.

the notice to the sheriff demanding the appointment of commissioners to assess damages as an entirety, and also in the notice to the defendant and the commissioner's return; and (2) in none of these is the location of the right of way specified otherwise than upon and over said land. Had the owner intended to exclude the right of way through the forty acres, he might properly have included the several parcels of land as constituting his farm as an entirety in the notice, for, under repeated decisions of this court, the damages to the farm as a whole are to be estimated, rather than to some particular government subdivisions from which the right of way has been taken. *Cook v. Railway*, 122 Iowa, 437; *Peden v. Railway*, 78 Iowa, 131; *Cummins v. Railway*, 63 Iowa, 397; *Lough v. Railway*, 116 Iowa, 31.

It appeared of record that plaintiff had never acquired the ground from which the right of way over the forty acres was taken, and it is to be presumed that the sheriff's jury, in estimating the damages to the farm, took into account the appropriation of the right of way through the one hundred and sixty acres only. If they did include more, the error was such an one as may be corrected on appeal. The decisions relied on by appellee are not inconsistent with this conclusion. In *Chicago, R. I. & P. Ry. Co. v. Hurst*, 30 Iowa, 73, the commissioners assessed damages in favor of Hurst and Smith jointly, and the court held that the former could not prosecute an appeal to the district court without making Smith a party to the proceedings. In *Cedar Falls, I. F. & N. W. Ry. Co. v. Railway*, 60 Iowa, 35, damages for the appropriation of a right of way through the E. ½ of S. W. ¼ and E. ½ of N. W. ¼ of a section, notice being served on Dows, who was the only party to the condemnation proceedings. Afterwards the Cedar Rapids, Iowa Falls & North Western Railway Company united with Dows in an appeal as

2. SAME: assessment of damages.

to the right of way over the first-mentioned eighty acres, and upon return asked that it be substituted as sole plaintiff because the owner of the fee. The motion was denied, on the ground that an appeal may not be taken from a part of the award. There the attempt was both to sever the land and the assessment in the appeal, while here the appeal was from the entire award as made by the commissioners, and with the evident object of having the assessment as to the entire tract reduced. How this shall be accomplished, whether in rejecting elements of damages thought proper to be considered by the sheriff's jury or excluding a portion of the right of way which that body erroneously considered, or owing to a different estimate of the extent of the injury, is not material.

The issues raised on the appeal were not different than those presented to the sheriff's jury, though the estimate of the damages is to be made without reference to that appealed from. *Hahn v. Railway*, 43 Iowa, 333. The vice in appellee's reasoning lies in the assumption that the appeal is from the taking of two parts of a right of way, for only one of which plaintiff might claim. As seen, nothing in the notices exacts this construction. On the contrary, these were in harmony with the proposition that he was demanding no more than he was entitled to. Nor can it be presumed that the commissioners took into consideration the right of way other than that appropriated from plaintiff's land. If they did, this, as said, was a matter appropriate for consideration on appeal. See, *Gray v. Railway*, 129 Iowa, 68.

3. SAME.

The order of dismissal is *reversed*.