GALE MCCALL et al., Appellees, v. IOWA STATE HIGHWAY COMMISSION, Appellant.

No. 42260.

 

FEBRUARY 13, 1934.

Edward L. O'Connor, Attorney-general, C. E. Walters, Special Assistant Attorney-general, and C. A. Robbins, for appellants.

Percival & Wilkinson and O. M. Slaymaker, for appellees.

MITCHELL, J.—Some time in the year 1931 the state highway commission proposed to build and construct a highway extending westward on the section line between sections 7 and 18 in township 74, range 28, Madison county, Iowa. It appears that one H. C. T. McCall was the record owner of the north 240 acres of the east half of said section 18, and the desired highway required a strip off the north end thereof of 70 feet in width. The record title to the west 120 acres of the southeast quarter, section 7, stood in the name of his wife, Mary B. McCall, and a strip of 60 feet in width off the south end was required. The parties were unable to agree with the highway commission in regard to the value of the land which was desired, and condemnation proceedings as provided by statute were commenced. The condemnation jury made a separate award in favor of H. C. T. McCall covering the 240 acres in section 18, and in favor of Mary B. McCall covering the 120 acres in the southeast quarter of section 7, and in favor of Lyle McCall, who was conducting farming operations and cattle feeding on all of the land. The award of the condemnation jury was not satisfactory to H. C. T. McCall, and he served notice of appeal to the district court of Madi-

son county, Iowa, as by law provided, and later filed a petition and amendments thereto. A motion was filed, attacking the original petition, and this motion was sustained by Judge Cooper. Time was given to McCall by order of court to file an amended and substituted petition, which McCall did, and in which he alleged that he was the owner of the 360 acres of land, being the 240 acres located in section 18 and the 120 acres of land in section 7. And he alleged that title to the said 120 acres in section 7 was in the name of Mary B. McCall, but that she held title thereto as trustee for him, and that he was the beneficial owner thereof, and prayed that he might have damages, sustained by reason of the appropriation of the land used for the said highway purposes. The highway commission filed a motion to strike such amended and substituted petition. The court overruled the motion to strike, and, as a part of said ruling, held that, before the appeal should be tried on the question of damages, the said H. C. T. McCall should bring into the said action Mary B. McCall; that there should there be determined as an issue in equity, the ownership of the 120 acres of land in section 7. In compliance with the court's ruling, the said McCall did, by amendment to his petition, make Mary B. McCall a party thereto and brought her into said case, and filed therein as against her and the highway commission a petition, alleging that he was the owner of the entire 360 acres and that Mary B. McCall had no interest therein. Within the proper time the said Mary B. McCall appeared in said action and filed an answer, in which she admitted each and all of the allegations contained in the petition of H. C. T. McCall, and admitted he was entitled to the relief prayed for, and that he was the owner of said described land.

The highway commission filed a motion to strike the petition and amendment bringing Mary B. McCall into the action, and this motion to strike was overruled by the court. On February 11, 1933, the highway commission filed an answer to the petition for equitable relief, as finally amended, again pleading misjoinder of parties and causes of action, and also estoppel. Shortly before the trial commenced, H. C. T. McCall died testate, and Lyle and Gale McCall, who were the executors of his last will and testament, were on motion substituted as plaintiffs. The cause proceeded to trial upon the equitable issue. Evidence was offered, and the lower court decreed that the said H. C. T. McCall was the equitable owner of the west three-quarters of the southeast quarter of section 7, township 74,

north of range 28, west of the Fifth P. M. (being the 120 acres), at the time of his death, and also at the time of the beginning of the proceedings of condemnation filed by the highway commission; and that the plaintiffs, who were the executors, were entitled to prosecute the law issue for damages done the entire 360 acres of land; and that the estate of H. C. T. McCall was the owner of such damages. From the decree and judgment of the lower court the appellants have appealed to this court.

Many questions are raised by the appellants, but only two questions are argued, and, as only two are argued, they are all that will be considered in this appeal.

The first question argued by the appellant is that the lower court erred in permitting the appellees to inject into the original law action an equitable action against a party who was a stranger to the pending action.

Code section 10947 is as follows:

"Equitable issues. Where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and if all the issues were such, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings."

And Code section 10948 is as follows:

"Court may order change. If there is more than one party plaintiff or defendant, who fail to unite on the kind of proceedings to be adopted, the court, on its own motion, may direct such proceedings to be changed to the same extent as if the parties had united in asking it to be done."

In view of the pleadings, it was necessary that at some time it be determined who was the owner of the 120 acres of land in section 7. Whether the order made, requiring that to be determined as an equitable issue, was done on the application of one of the parties, or the motion of the court, can make no difference. It seems to us that it was to the advantage and benefit of the highway commission that such issue be determined in advance of the main trial and in a proceeding in which both H. C. T. McCall and his wife were parties. If this had not been done H. C. T. McCall might have pre-

sented the same issue in the law action, and the jury would have been required to find for him, and then Mrs. McCall might have presented the same claim to another jury in her case, and it might also have found for her. This would have resulted in double liability to the highway commission. The highway commission was not prejudiced, but, it seems to us, very much benefited by the order the court made, requiring both H. C. T. McCall and his wife, Mary B. McCall, to be brought into one proceeding and there have the question of the ownership of the 120 acres of land determined in such a proceeding, a determination which could not have been made at law but had to be in equity. This kind of practice is approved by Code sections 10947 and 10948, which are above quoted.

The other question which is raised by the appellant is that the trial court erred in not finding for the appellants on the merits after the trial of the equitable issue. The record shows that H. C. T. McCall was in possession of said real estate at all times, from the time he acquired it years ago until his death; that he improved and repaired it; used it and occupied it, and paid all the taxes assessed against said land. There is no dispute in the record in regard to this. Mrs. McCall herself testified that she did not know where the 120 acres of land was located; and that she had never been on the land in her life, and that she did not make any claim to the land and never owned it and had no interest in it. Prior to the time of the commencement of the case, she filed what is set out in the abstract as a rejection of any claim or interest that she might have in and to the said 120 acres. And so we have a case in which the undisputed evidence shows that H. C. T. McCall was in possession of said property for better than thirty years; that he had improved it; that he had paid the taxes on it; that he claimed he was the owner of said land. Mrs. McCall came into court and testified that she had no interest in it. The only one in this whole record who claims Mrs. McCall has any interest in it is the highway commission. Clearly, upon the evidence in this record, there can be no dispute that the lower court was right in holding that H. C. T. McCall was the owner of the said 120 acres.

The judgment and decree of the lower court must be, and it is hereby, affirmed.

CLAUSSEN, C. J., and STEVENS, KINDIG, ANDERSON, and KINTZINGER, JJ., concur.