Mae E. Gaar et al., appellants, v. Iowa State Highway Commission, acting for and in behalf of the State of Iowa, appellee.

No. 50348.

(Reported in 110 N.W.2d 558)

September 19, 1961.

Parrish, Guthrie, Colflesh & O'Brien and Owen Cunningham, all of Des Moines, for appellants.

C. J. Lyman, Special Assistant Attorney General, of Ames, Don Swanson and Keith McWilliams, both of Des Moines, for appellee.

Hays, J.—Upon the trial of an appeal from an award by commissioners in a highway condemnation proceedings, the jury

returned a verdict of $4000 for personal property which was damaged or destroyed or reduced in value by such condemnation proceedings. Thereafter, the trial court sustained defendant's motion for judgment notwithstanding the verdict and plaintiffs have appealed.

The record on appeal shows the following facts and as to which there is no dispute: Appellants owned two apartment buildings in the City of Des Moines, Iowa. They contained some forty completely furnished apartments which were occupied by tenants. In 1958 it became reasonably apparent that they were in the path of the Des Moines Freeway, then in its early stage of development. In August and early September 1958 preliminary appraisals were made by representatives of the Iowa State Highway Commission. On September 26, 1958, in response to an inquiry from appellants, the highway commission advised them that if the properties would be needed for the Freeway they would be advised. They were also told that in no event would possession be required before July 1, 1959. In the spring of 1959 negotiations for a sale to appellee were unsuccessful. In response to notices to vacate, issued by the appellants, all apartments were vacated by June 15, 1959. On June 19, 1959, a public auction of the furniture, and in some instances, carpets, window shades, stoves and sinks, was held on the premises. A rather limited amount thereof was sold. Thereafter the balance of the furnishings, etc., were removed from the premises and stored in various places throughout the city. By noon, July 1, 1959, the apartments were completely devoid of such furnishings.

It further appears that on June 16, 1959, the appellee requested the appointment of commissioners to assess the damages to appellants, due to the taking of the properties for highway purposes. Commissioners were duly appointed and directed to appear and assess such damages on July 14, 1959. June 24, 1959, appellants were notified of the time and place of the meeting of the commissioners. On the appointed date the commissioners met at the premises and found vacant and entirely bare buildings. The appellants were present but nothing was

mentioned about personal property, i.e., furnishings of the apartments. An award of $177,500 was made by the commissioners and duly filed with the sheriff of Polk County, Iowa. Thereafter, appeal was taken to the district court.

Before the commencement of the trial on January 11, 1960, it was stipulated by the parties, and approved by the trial court, that the case be submitted in two divisions, (1) as to the real estate; (2) as to the personal property; and that the jury return separate findings relative thereto. It awarded $195,000 for the real estate and $4000 for personal property. Thereafter, appellee moved for judgment notwithstanding the verdict, as it pertained to the personal property, which was sustained. Thus this appeal.

I. The sole error asserted is that the court erred in sustaining said motion. The basis of appellants' argument is that section 472.14, Code of 1958, as amended by section 3, chapter 318, Acts of the Fifty-eighth General Assembly, is applicable, and then seems to assume that an award as to the personal property follows as a matter of course. No question of the amount is involved.

Section 472.14, Code of 1958, in part provides: "The commissioners shall, at the time fixed in the aforesaid notices, view the land sought to be condemned and assess the damages which the owner will sustain by reason of the appropriation; and they shall file their written report with the sheriff. * * *." In 1959, by chapter 318, section 3, the legislature amended section 472.14, Code of 1958, effective July 4, 1959, by adding thereto, the following: "In assessing the damages the owner or tenant will sustain, the commissioners shall consider and make allowance for personal property which is damaged or destroyed or reduced in value."

It will be noted that notice of condemnation was served on June 24, 1959, which was prior to the effective date of the amendment in question. Also, that the amendment became effective ten days prior to the date set for the assessment of damages. Prior to said amendment our statutes made no provision for assessment of resultant damage to personal property, at least not as such.

As the case is argued by the parties, it seems that the question of whether or not this amendment is applicable to this proceedings, which was commenced June 24, 1958 (see Gilbride v. City of Algona, 237 Iowa 20, 27, 20 N.W.2d 905), is not involved. They both proceed upon the theory that it is and we so assume. But see Bascom v. District Court, 231 Iowa 360, 1 N.W.2d 220; 50 Am. Jur., Statutes, section 482. However, having so assumed, we do not go along with appellants' contention that the refusal of the trial court to allow the $4000 award to stand is necessarily error.

II. Article I, section 18, Constitution of Iowa, provides: "Private property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof, as soon as the damages shall be assessed by a jury * * *."

We have said many times that there is no taking until compensation is made or made certain. Mathiasen v. State Conservation Commission, 246 Iowa 905, 908, 70 N.W.2d 158, 160. In cited case we said, "Final decision to go forward with the project must naturally await some determination of the damages to be awarded plaintiffs. It is conceivable the cost of the project may exceed what is deemed reasonable. Not infrequently, a condemning body concludes the cost is going to be prohibitive and for that or some other reason abandons the project. In such case the property owner is not damaged."

See also Ford v. Board of Park Commissioners, 148 Iowa 1, 126 N.W. 1030, Ann. Cas. 1912B 940.

Certainly, as late as July 14, 1959, being the date of the appraisal, the appellee had acquired no rights to the real estate or personal property thereon; the appellants had lost none. They were free to exercise their usual and ordinary rights of ownership. They could sell; move the building onto other real estate; remove and store or sell the furnishings and such would be of no concern to appellee. They could also maintain their status quo and, if and when the appellee took the properties, recover just compensation for the taking thereof, together with damages representing the loss in value to the personal property. They selected the former course and removed all personal prop-

1378

erty. At the time of the appraisal there was no personal property that could be "damaged or destroyed or reduced in value", due to the taking, located upon the premises to be taken. There was no personal property on the premises which the commissioners could view and assess resulting damages. This is a condemnation proceedings under chapter 472, Code of 1958, as amended, not a law action for damages. Succinctly stated, the question here is: Is an owner of an apartment building, later taken by condemnation for a public purpose, who, in reasonable anticipation of such proceedings, but prior to any taking, sells or removes all the furnishings therefrom, entitled to have damages assessed for loss in value to such personal property under section 472.14, Code of 1958, as amended by chapter 318, section 3, Acts of 58th G. A.? Our answer is no. The trial court was correct.

Appellee raises a question of pleading in support of the trial court's decision; however, in view of our above holding, we deem comment thereon unnecessary.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except THORNTON, J., who takes no part.